[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12665
_____

D.C. Docket No. 1:11-cv-00275-MP-GRJ

JOHN DOE,

Plaintiff - Appellant,

versus

ONEBEACON AMERICA INSURANCE
COMPANY,
f.k.a. Commercial Union Insurance Company,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(May 9, 2016)

Before WILLIAM PRYOR, EDMONDSON, and PARKER,[*] Circuit Judges.

PER CURIAM:

This appeal is one controlled by state law and deals with the insurance law of the State of Florida.  Briefly stated, the parties raise questions of law touching on the right of an insurer to conduct the investigation and defense of a claim against its insured, the duty of the insured to cooperate with the insurer, and the nature of "an adequate defense" to be provided by the insurer.

In an underlying tort case in state court, the insured -- before trial -- settled with the tort plaintiff without the consent of the insurer.  The insured (actually, the assignee of the insured) now contends that, while the settlement might ordinarily constitute a breach of the insured's duty to cooperate, the failure to cooperate was totally excused by the insurer's failure at the time of the settlement to provide an adequate defense to the insured against the pertinent claim.  The insured advances concepts such as inadequate defense, negligence, and bad faith on the part of the insured.

The district court granted summary judgment to the insurer in this case.  We see no reversible error, and we affirm that judgment.  We do not resolve the legal

---

[*] Honorable Barrington D. Parker, Jr., United States Circuit Judge for the Second Circuit, sitting by designation.

2

questions about Florida law which the parties have asserted.[1]  Today, we have instead assumed for discussion sake -- not decided, but assumed -- that the failure of an insurer to enter into mediation and other settlement negotiations in advance of trial can, in some circumstances under Florida law, constitute an <u>inadequate</u> defense by negligence or by bad faith or by abandonment or all of them.

We affirm the judgment on behalf of the insurer because the record in this case contains insufficient evidence, as a matter of law, to allow a reasonable jury to find that the insurer in this case did fail to provide an adequate defense by negligence, by bad faith, by abandonment, or otherwise.  For background, see *Boston Old Colony Ins. Co. v. Gutierrez*, 386 So. 2d. 783 (Fla. 1980) (concluding as a matter of law that record would not allow jury to determine that insurer had failed in its obligations).  Here, we find dispositive that the insurer reasonably believed that, at the time of settlement between the insured and the claimant, it lacked sufficient information to evaluate the claim against the insured and that it had meritorious defenses that would preclude liability for the insured.

As a matter of law, the insured -- at the time it settled the case in advance of trial -- breached its duty to cooperate with its insurer in the investigation and

---

[1] The parties cite many Florida appellate decisions and some of ours.  The cited cases are all materially different from the case before us and do not establish clearly the state law that would control this case.

defense of the underlying tort claim.[2]  So, the insurer has no duty to indemnify the insured in this case.

AFFIRMED.

---

[2] The district court did not err in granting summary judgment in favor of the insurer on Doe's claims arising out of the insurer's refusal to defend Brown.